IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

In Re:                                        :

GLOBAL SYSTEMS &                  :
STRATEGIES, INC.                           Case No. 04-12045
                                              :    Chapter 11
                          Debtor
                                              :

OPPOSITION OF JOSEPH A. PECAR AND NANCY A. PECAR TO THE EMPLOYMENT
OF LECLAIR, RYAN AS COUNSEL FOR THE DEBTOR AND TO THE PAYMENT OF THE
REQUESTED COMPENSATION TO LECLAIR, RYAN

COME NOW, Joseph A. Pecar and Nancy A. Pecar, creditors herein, by and through their

undersigned counsel, and in support of their Opposition to the Debtor's Application seeking to

employ Leclair, Ryan as attorneys for the Debtor, state as follows:

1. Joseph A. Pecar is the founder and former President of the Debtor, whose corporate

name at the time was Joseph A. Pecar & Associates, Inc. t/a Global Systems & Strategies, Inc.

Nancy Pecar is his wife.  They are both pre-petition and post-petition creditors of the debtor

pursuant to a Settlement Agreement entered as a result of Arbitration Proceedings conducted in

the Circuit Court of Montgomery County, Maryland.  Under the terms of the Settlement

Agreement, the Pecars are entitled to continuing compensation of $50,000, annually, for the

return of their stock to the company,  and other benefits.  They are also in the process of pursuing

default remedies against the debtor and other parties in the Circuit Court for Montgomery

County, which pursuit was stayed against the debtor as a result of the Debtor's petition.

2. The Pecars do not object to the Debtor having legal counsel and do not object to,

generally, to the Debtor's right to hire LeClair Ryan as its attorneys.  As set forth in the

Application, the pre-petition payments to LeClair Ryan and the retainer are not unreasonable.

However, the Pecars do object to the employment as stated in the Application and the compensation sought, on the following grounds:

a. While the Pecars have no doubt that LeClair Ryan is a large, full service, competent firm, there is nothing in the Application which indicates why hiring LeClair Ryan is in the best interest of the Debtor or the estate. There are dozens of smaller firms in Montgomery County, Maryland, for example, that might be able to do just as good a job for the debtor and the estate, at much less cost. There is no indication if other alternatives were explored.

b. The Debtor's business is essentially a consulting business, providing consultants to organizations and entities contracting with agencies of the United States. In the Debtor's motion seeking authority to pay pre-petition employee compensation, the Debtor states it is down to only 5 employees and a mysteriously unnamed outside consultant. There is also no indication in the Debtor's Application that any matters in this case are of a non-routine nature. The Pecars assert that the attorneys and rates set forth in the Application show billing rates at the high end of counsel's scale with no attempt to provide counsel at lower rates consistent with the Debtor's size and asserted financial condition. No justification is given why the services of Bruce Matson, for example, at $325 per hour, is necessary for the debtor's case.

c. The Application and Verified Statement of Stephen Gallagher indicate that

LeClair Ryan "currently represents" and "will continue to represent" creditors of the Debtor, or other adverse parties, but vaguely asserts that such representation is, or will be, unrelated to this case and, presumably, not a conflict.  No parties are identified and it is not clear how serious a conflict exists, or will result but without identifying those creditors and parties further, the disinterestedness of the LeClair Ryan firm is questionable, at best.

d.    LeClair Ryan asserts that it has reduced the hourly rates of two of its counsel from $300 to $295, less than a 2% reduction.  No reduction is offered for Mr. Matson, identified as a Virginia bankruptcy practitioner, whose rate is $325.

e.    LeClair Ryan has filed three motions for admission *pro hac vice* indicating that it intends to have at least 4 attorneys appear in this Court three of whom are not licensed to practice and/or have limited experience practicing in Maryland.

f.    Debtor's offices are in Gaithersburg, Maryland while counsel's offices are in Alexandria, VA.  Creditors are entitled to understand how travel time and expense will be charged.

3.  The Pecars assert until the above issues, and any other issues related to the disinterest of LeClair Ryan and its employment are resolved, the Application should be denied or deferred.

WHEREFORE, the Pecars pray for an Order consistent with their Opposition set forth above and for such other and further relief as may be just and proper.

-3-

HUGHES & BENTZEN, PLLC


By: _____/s/Philip J. McNutt_____
        Philip J. McNutt
        Christopher Wheeler
        1667 K St., NW
        Washington, DC 20006
        202-293-8975
        202-293-8973 (fax)

        Attorneys for Joseph and Nancy Pecar

**<u>Certificate of Service</u>**

I HEREBY CERTIFY that a copy of the foregoing Opposition was served electronically on the 10th day of February, 2004 on Stephen Gallagher, Esquire, proposed attorney for the Debtor, Martin Schaffer, Esquire, and Jeffrey W. Rubin, Esquire, attorneys for Citizen's Bank, and Anne Magruder, Esquire, attorney for BRIT Associates, and mailed, postage prepaid, first class mail, on the 11th day of February, 2004 to all creditors and parties in interest listed on the Debtor's mailing list.

　　　　　　　　　　　　　　　　　_____/s/Philip J. McNutt_____